UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2356

LINDA C. MACIAS,

Plaintiff - Appellant,

versus

TARGET STORES, INCORPORATED, used in Virginia
by Target Corporation,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Claude M. Hilton, District
Judge.  (CA-05-311)

Submitted:  June 9, 2006              Decided:  June 28, 2006

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

David Rosenblum, ROSENBLUM AND ROSENBLUM, L.L.C., Alexandria,
Virginia, for Appellant.  Mary C. Zinsner, TROUTMAN SANDERS,
L.L.P., McLean, Virginia; Heather K. Hays, TROUTMAN SANDERS,
L.L.P., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Linda Macias commenced this action against Target Stores, Inc. for injuries she allegedly suffered in a Target store in Alexandria, Virginia, on November 22, 2003, when a Target employee, pushing a line of shopping carts, struck her in the back with the carts as she was entering the store. She contends that the incident caused her "low back injury," "neck pain," "shoulder pain," "problems into [her] arm and finger."

During the course of proceedings in the district court, the court twice sanctioned Macias for discovery failures. She was first sanctioned by an order dated September 19, 2005, for failing to disclose an expert witness in accordance with an agreed-upon court order. The court concluded that because an expert witness was required to support Macias' claim for permanent injury and future pain and suffering, Macias would be denied the privilege of presenting such evidence.

The second time the court sanctioned Macias was significantly more serious and was based on her "deliberately misrepresent[ing] her prior [medical] condition." Because of Macias' misrepresentations, the court sanctioned Macias by order dated October 21, 2005, denying her the right to present any evidence on injury or damages at trial.

Following the second sanction order, Target filed a motion for summary judgment based on Macias' inability to prove injury or

damage, and the court granted the motion by order dated November 7, 2005.  On appeal, Macias challenges only the district court's sanctions orders.  We affirm.

In the governing discovery order, which was agreed to by the parties, Macias was required to designate expert witnesses by July 15, 2005.  When Macias did not designate any expert by that date, the court observed that Macias "provided no justification or explanation for [her] failure to disclose [her] expert witness." Concluding that Macias needed an expert witness to establish any claim for permanent injury or future pain and suffering, the district court denied Macias the right to present such evidence at trial.

By an order dated October 21, 2005, the court again sanctioned Macias, this time for deliberately misrepresenting her injuries. Such misrepresentations were particularly significant in this case because Macias' injuries were not serious -- she was not even knocked to the ground during the incident -- and their proof would be established mostly by her subjective observations.  Indeed, one doctor, who examined Macias as part of discovery, concluded that any injury she claims appeared to preexist the incident at Target, allowing the possibility, however, that preexisting injury might have been aggravated.  Accordingly, proof of injury in this case depended on Macias' testimony being truthful.

When asked about preexisting injuries during her deposition, Macias testified as follows:

Q . . . So the questions I'm asking you are your medical history before the Target accident, okay?

A Sure.

Q On the date that you walked in the Target store before the accident, how were you feeling, physically?

A I was fine.

Q Okay. Had you had any problems with any pain in your neck or back at any time before the Target accident?

A Not that I recollect, no.

Q All right. Had you ever seen any medical doctors, physicians or medical care providers before the Target accident for complaints of pain in your neck area?

A Not that I can recall.

Q Before the Target accident, had you ever seen any doctors or medical care providers for any complaints of pain in your back, mid back area?

A Not that I can recall.

Q Before the Target accident, had you ever seen any medical care providers or physicians or doctors for any complaints of pain in your lower back?

A Not that I can recall.

Q Okay. So is it fair to say that on the date of the Target accident, if we're speaking of the spinal area which is the lower back, mid back, neck area, that you'd never really had any problems with that part of your body?

A To the best of my knowledge, no.

Q    Okay.  And I ask questions about seeing doctors, but had you ever had any complaints of pain where you didn't see a doctor for any problems associated with your lower back, mid back or neck area before the Target accident?

A    Not that I can recall.

Similarly, in the course of an independent medical examination arranged for purposes of discovery in this case, Macias reported no prior medical injury with respect to her neck, shoulder or back, or any prior musculoskeletal conditions.  As the doctor stated in his report,

> She reports no prior history of back pain, buttock pain, shoulder, neck or arm pain.  Over the course of her assessment, she has had x-rays and MRIs.  She came today with MRI scans that included the left shoulder, the cervical spine and low back, all since the injury.  She reports that she is otherwise in good health.

Finally, Macias provided answers to interrogatories in which she failed to disclose any preexisting injuries of the type that she is claiming in this case.

Despite what Macias has said to the doctors and to opposing counsel during deposition and in interrogatory answers, the record is replete with her prior claims of pain in her arm, shoulder, neck, mid and lower back, and buttocks -- the same areas for which she now claims damages.  Her prior medical complaints, diagnoses, and treatments included the following:

-    On May 14, 1986, she was diagnosed with low back strain;

- On February 17, 1989, she complained to her physician about mid-back pain, for which she was prescribed a painkiller;

- On October 12, 1996, she was involved in a car accident and was diagnosed with a minor trapezius spasm, indicating pain in her neck and shoulder area;

- On February 22, 2001, she told her primary care provider, Laurie Bond, that she had tension in her back and left arm that had worsened progressively and that she had pain in her left shoulder;

- On February 28, 2001, an MRI of Macias' cervical spine revealed "minimal degenerative disk disease";

- On February 19, 2002, Macias entered Washington Hospital Center due to pain from her cervical spine and neck, "radiating to [her] left shoulder and left upper back";

- On February 22, 2002, Macias was diagnosed with a left chronic rotator cuff tear and given an injection to her left shoulder producing "relief of her shoulder discomfort with increased range of motion";

- On May 6, 2003, Macias visited her orthopedic surgeon, Dr. Frank Broner, with complaints "of left upper extremity pain and soreness with abduction of the left shoulder as well as . . . left lower extremity

-6-

radiculopathy from her lower back down her left buttocks and across . . . her left thigh";

-   On June 13, 2003, Macias complained to her primary care physician, Dr. Daniel H. Waterman, of "low back pain with radiation into the leg left [sic] for one-two months."

On the basis of this record, the district court concluded that Macias engaged in deliberate misrepresentation in attempting to conceal from the defendants and the court her prior medical condition, which was directly relevant to assessing her claim for damages. The court concluded that even if Macias might have forgotten parts of her medical history, her categorical denials of all prior diagnoses and treatment -- indeed one involved a car accident and another a visit to a hospital -- lacked credibility. As the court stated:

> [L]ess than six months prior to this accident on May 6, 2003, she met with Dr. Broner [her orthopedic surgeon], and reported left lower extremity radiculopathy from lower back, down left buttocks and across the left thigh, which is exactly the same area of complaint as the injuries sustained in this accident.
>
> She then again a month later visits, complains of the same area and says that she has had this pain for one or two months. That's less, as I said, less than six months prior to this accident [at the Target store].
>
> In addition, when she met with Dr. Tozzi for the [independent medical examination] she reported no prior complaints or treatments of pain or injury at all.
>
> I think those incidents are the most compelling since they were so recent. And when I combine that with the additional prior instances . . . the [car] accident as well as the other instances of pain, I can't help but

believe that this is a deliberate misrepresentation by the plaintiff.

The district court was well within its discretion in concluding that Macias should be denied the right to present evidence on damage and injury in the particular circumstances of this case. Indeed Macias' deliberate misrepresentations went to the core of her claims in this case, and "accommodation of deceit or a lack of candor in any material respect quickly erodes the validity of the [entire] process." United States v. Shaffer Equipment Co., 11 F.3d 450, 457 (4th Cir. 1993). As the Supreme Court has observed, "False testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings." ABF Freight Systems, Inc. v. NLRB, 510 U.S. 317, 323 (1994); see also Liva v. County of Lexington, 972 F.2d 340 (4th Cir. 1992) (per curiam).

We conclude that the district court did not abuse its discretion in entering either sanction order. Accordingly, the judgment of the district court is

AFFIRMED.